IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**RANDLE L. DUGGER, II**                                                                                            **PLAINTIFF**

v.                                         Civil No.: 4:11-cv-04019

**MONTE STRINGFELLOW,** *et al.*                                                                        **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Randle L. Dugger, currently a resident of DeQueen, Arkansas, filed this civil rights action under 42 U.S.C. § 1983. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Paul K. Holmes, III, United States District Judge, referred this case the undersigned for the purpose of making a report and recommendation.

Now before this Court is the Motion to Dismiss filed by Defendants. ECF No. 29. Plaintiff has filed no response to the Motion to Dismiss.

**I.      Background**

On February 28, 2011, Plaintiff filed his original complaint alleging denial of an adequate diet, denial of medication, denial of medical treatment, unconstitutional conditions of confinement, denial of access to a grievance procedure, and denial of access to a law library in the Sevier County Detention Center. ECF No. 1. Plaintiff's Complaint was against the Defendants in both their individual and official capacities. *Id.*

On May 11, 2011, Defendants filed a Motion to Compel. ECF No. 22. Defendants contended that on or about March 24, 2011, discovery was propounded to Plaintiff and Plaintiff failed to respond. *Id.* On May 4, 2011, Defendants sent correspondence to Plaintiff requesting Plaintiff's past-due discovery responses within the next ten days, advising Plaintiff his failure to comply with discovery would cause a Motion to Compel to be filed. *Id.* On May 4, 2011, Defendants received some of Plaintiff's responses to interrogatories, but did not receive a medical records authorization as was part of Defendants' Request for Production. *Id.* Plaintiff filed no response to the Motion to Compel and the motion was granted by the undersigned allowing Plaintiff until and including August 29, 2011, provide Defendants with the required

responses to discovery. ECF No. 28.  Defendants come now in the Motion to Dismiss, ECF No. 29, and state that Plaintiff has refused to provide Defendants with responses to their discovery requests, as Ordered by this Court. *Id.*

## II.     Applicable Law

Pursuant to Federal Rule of Civil Procedure 37(b)(2), this Court is authorized to sanction a party when that party fails to obey a discovery order.  One of the sanctions authorized is "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v).  In the Eighth Circuit, a court should only impose the extreme sanction of dismissing a case in limited circumstances.  In order to impose this sanction under Rule 37, the following three requirements must be met: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party. *See Mems v. City of St. Paul, Dept. of Fire and Safety Serv.,* 327 F.3d 771, 779 (8th Cir. 2003) (citation omitted).

## III.    Discussion

In the present action and as outlined above, Plaintiff has failed to respond to discovery requests made by the Defendants and Defendants are now seeking dismissal of this action.  As noted above, there are three requirements for sanctions to be entered pursuant to Rule 37.  First, there must be an order compelling discovery. *See Mems,* 327 F.3d at 779.  On August 1, 2011, this Court entered an order compelling discovery.  ECF No. 28.  Thus, the first requirement of *Mems* is met.  Second, there must be a willful violation of that order. *See Mems,* 327 F.3d at 779. Based upon Defendants' demonstration that they sent Plaintiff discovery responses in March of 2010, which were unanswered, ECF No. 22, and Plaintiff's failure to acknowledge the Motion to Compel or the Motion to Dismiss, there is little dispute that Plaintiff has willfully failed to comply with discovery and with this Court's Order.   The Court notes Plaintiff has responded to written correspondence from the Defendants in the past and further notes that no mail addressed to Plaintiff has been returned to the Court.   Thus it appears Plaintiff has had knowledge and adequate opportunity to respond.

Third and finally, Defendants must demonstrate prejudice. *See Mems,* 327 F.3d at 779. The Court finds prejudice has been established and dismissal of Plaintiff's Complaint against the Defendants, with prejudice, is warranted.

Courts in this circuit attempt to balance the egregiousness of the plaintiff's conduct against the severity of the sanction of dismissal, weighing the adverse effect of the plaintiff's conduct on the defendant and the administration of justice against the consequence of extinguishing a litigant's claim. *See, e.g., Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005). A finding of bad faith is not required, but rather the court must determine if the plaintiff acted intentionally, as opposed to accidentally or involuntarily. *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). A finding of prejudice is proper if the failure to participate in discovery "impairs an opponent's ability to determine the factual merits of a party's claim." *In re O'Brien*, 351 F.3d 832, 839 (8th Cir. 2003).

A finding of intentional or willful conduct justifying dismissal is dependent upon the particular facts of a given case. Courts have found a variety of conduct sufficiently willful to justify dismissal, including the willful failure to answer interrogatories, *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 993 (8th Cir. 1975), conduct exhibiting a pattern of intentional delay, *Fletcher v. Southern Farm Bureau Life Ins. Co.*, 757 F.2d 953, 956 (8th Cir. 1985), a persistent failure to respond to discovery requests and disregard of a court's order requiring the production of discovery responses, *Edina Couriers, LLC v. UPS Mail Innovations*, 06-CV-2137 (PAM/JSM), 2008 WL 80000 (D. Minn. Jan. 4, 2008), and failure to comply with an order for a deposition, *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). While courts exercise caution in dismissing the claims of *pro se* plaintiffs, and *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, *pro se* plaintiffs are not excused from complying with court orders. *Leach v. Waterway Car Wash*, 217 Fed. Appx. 571 (8th Cir. 2007) (affirming dismissal of complaint pursuant to Rule 41(b), but finding that plaintiff's conduct did not arise to level of willful disobedience or intentional delay, the court modified the dismissal to be without prejudice).

It is the recommendation of the undersigned that prejudice has been established as to Defendants due to Plaintiff's unwillingness to obey Orders of this Court to complete discovery and that Defendants have been, and continue to be, impaired in their ability to determine the factual merits of Plaintiff's claims.

IV. **Conclusion**

Accordingly, it is the Report and Recommendation of the undersigned that Defendants' Motion to Dismiss, ECF No. 29, be **GRANTED** and Plaintiff's Complaint, ECF No. 1, be **DISMISSED with prejudice as to all Defendants. IT IS FURTHER RECOMMENDED that all pending motions be terminated.**

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b) (1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this **18th day of October 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE